IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID C. PERORAZIO,

    Petitioner,

v.                                Civil Action No. 5:10CV48
                                           (STAMP)
JOEL ZIEGLER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On April 19, 2010, the pro se[1] petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the decision of the Bureau of Prisons ("BOP") to place him in a Residential Release Center ("RRC") for less than the maximum allowable twelve months. This matter was referred to United States Magistrate Judge David J. Joel for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

In response to a show cause order, the respondent filed a motion to dismiss, or in the alternative, motion for summary judgment and response to show cause order on May 21, 2010. The petitioner filed a response, as well as a supplemental exhibit to his petition.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary, 1341 (9th ed. 2009).

In his report setting forth his recommended disposition, the magistrate judge recommends that the respondent's motion to dismiss, or in the alternative, motion for summary judgment be granted, and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.

The petitioner timely filed objections on August 5, 2010. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, that the respondent's motion to dismiss, or in the alternative, motion for summary judgment should be granted, and that the petitioner's § 2241 petition should be denied and dismissed with prejudice.

## II. Facts

On March 6, 2009, the petitioner was sentenced for mail fraud in violation of 18 U.S.C. § 1341 in the United States District Court for the Northern District of Ohio. He is serving a twenty-one (21) month sentence and is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"). (Pet. Attach. 1 at 1). The petitioner's projected release date is November 15, 2010. (Mem. in Supp. of Mot. to

Dismiss or in the Alternative for Summ. J. and Resp. to Show Cause Order Ex. 1 at ¶ 8). The petitioner's case manager recommended him for placement in a RRC for the last 30-60 days of his incarceration. Id. at ¶ 11.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

A. The Second Chance Act

The Second Chance Act provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of the that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The statute provides that those conditions may include confinement in

an RRC, commonly known as a "half-way house." The statute also provides that the decision to confine a prisoner in a half-way house shall be made on an individual basis and shall be made in light of several factors identified in 18 U.S.C. § 3621(b). See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008). Pursuant to 18 U.S.C. § 3621(b), the BOP must consider the following five factors when determining the period for RRC placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the offender;

(4) any statement by the court that imposed the sentence --

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

B. Contentions of the Parties

In his petition for a writ of habeas corpus, the petitioner asserts the following: (1) the BOP determined his RRC placement in contravention to the mandate of the Second Chance Act; (2) the BOP determined his RRC placement date in bad faith and without any genuine attempt to comply with the law; (3) the BOP labors under a financial conflict of interest with regard to RRC placement

decisions; and (4) the BOP abused its discretion by issuing form templates denying the administrative appeals of these matters. (Pet. Attach. 1 at 1).

In support of his petition, the petitioner asserts that the Second Chance Act made three significant changes to RRC assessment decisions: (1) the Act doubled the maximum time allowed in an RRC to twelve months; (2) the Act requires that placement decisions be made on an individual basis; and (3) the Act requires the BOP to ensure that placement decisions are made considering the five factors listed in 18 U.S.C. § 3621(b) so as to give an inmate the greatest likelihood of successful reintegration into the community (Pet. Attach. 1 at 4).

According to the petitioner, the BOP has impermissibly capped RRC placement at six months. Id. In support of this claim, the petitioner points to statements by the BOP in memoranda, at hearings, and in publications indicating its belief that six months is normally enough time for any inmate to successfully prepare to transition back into society. Id. at 4-5. The petitioner asserts that this six month presumption violates the purpose and spirit of the Act. Id. at 5. Additionally, the petitioner claims that these improper practices by the BOP affected his RRC placement assessment, thus violating his statutory and constitutional rights. Id. at 5-8.

In further support of his petition, the petitioner asserts the following grounds for relief: (1) the respondent failed to consider the five factors of Title 18 U.S.C. § 3621(b) when rendering the petitioner's RRC placement decision; (2) based on the Third Circuit's opinion in Strong v. Schultz, 599 F. Supp. 2d, 556, 559 (D.N.J. 2009), which held that similarly situated prisoners were entitled to an RRC placement of more than six months, the petitioner is being treated unequally in violation of his constitutional rights; and (3) the BOP's presumptive RRC placement cap of six months constrains discretion, is an abuse of discretion, and violates an inmate's statutory rights. Id. at 5-8.

In response to the petition, the respondent first argues that the petition should be dismissed because the petitioner has no standing to challenge the BOP's discretionary allocation of appropriated funds. (Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J. and Resp. to Show Cause Order at 4). Second, the respondent claims that the BOP's determination regarding the duration of the petitioner's RRC placement is not subject to judicial review. Id. at 6. The respondent also contends that the BOP did not abuse its discretion with regard to its RRC review and referral of the petitioner's case pursuant to the Act. Id. at 7-11. Fourth, the respondent argues that the matter should be dismissed because the BOP conducted an appropriate review of the petitioner's case and made an appropriate RRC

6

referral recommendation. Id. at 9-10. Finally, the respondent contends that the petition should be dismissed as moot since the petitioner has received the only relief that he is entitled to –- consideration of his halfway placement in accordance with the factors delineated in 18 U.S.C. § 3621(b). Id. at 11-15.

In response to this motion to dismiss, the petitioner asserts that the respondent's answer is riddled with inaccuracies and that the answer quotes policy statements that are not relevant to RRC placement determinations. (Reply to Mot. to Dismiss or in the Alternative for Summ. J. Att. 1 at 2). He further states that although he submitted appropriate documentation concerning his individualized need for an RRC placement, that information was not considered. Id. Next, the petitioner asserts that the respondent failed to address his central argument, misrepresented factual data to the court, omitted pertinent information, and failed to refute the central facts of the case. Id. at 4-8. In support of these arguments, the petitioner reiterates the reasons why the BOP erred in making his RRC placement decision and why he believes he is entitled to more time. Id. at 7-8. Petitioner also asserts that he has filed factual data and evidence proving that his constitutional rights were violated. Id. at 10. Finally, he claims that the evidence clearly shows that he did not receive proper review of his RRC placement and his case is not moot. Id.

C.  <u>Analysis of the Magistrate Judge</u>

Before reaching the merits of the petitioner's claim, the magistrate judge addressed the issue of judicial review under the Administrative Procedure Act ("APA"). Congress has specifically excluded 18 U.S.C. §§ 3621 and 3624 from judicial review under the APA. However, even where judicial review under the APA is excluded by statute, the court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority. <u>Webster v. Doe</u>, 486 U.S. 592 (1988); <u>Turner v. Safley</u>, 482 U.S. 78, 84 (1987); <u>Procunier v. Martinez</u>, 461 U.S. 396, 405 (1974). Therefore, the BOP determination is subject to judicial review.

In his report and recommendation, the magistrate judge determined that no constitutional violation had occurred in the decision to place the petitioner in an RRC prior to his release. It is well-established that an inmate has no constitutional right to be confined to a particular institution, <u>Meachum v. Fano</u>, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. <u>Olim v. Waukinekona</u>, 461, U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such a placement is clearly a matter of prison management within the knowledge and expertise of

BOP officials, the court cannot intervene in that decision when no constitutional violation has occurred.

The petitioner argues that memoranda issued by the BOP negate the provisions of the Second Chance Act and effectively limit RRC placements to six months or less; however, the memoranda, BOP policy statements implementing the Act, and court opinions cited by the magistrate judge reveal the majority opinion: "that the Bureau of Prisons' requirement of regional director approval, and the agency's stated view that many inmates can have their needs met through 180-day RRC placements, do not violate the Act." Ramos v. Holt, No. 4:10CV681, 2010 WL 2471707, at *9 (M.D. Pa. May 5, 2010); see also McDonald v. Obama, No. 1CV10-0379, 2010 WL 1526447 (M.D. Pa. Apr. 15, 2010); Wires v. Bledsoe, No. 3:09cv2247, 2010 WL 427769 (M.D. Pa. Feb. 3, 2010). In addition, a BOP memorandum describing the Second Chance Act states that "'[t]he BOP's goal is to place inmates in RRCs for the amount of time necessary to provide the greatest likelihood of successful re-entry into the community.'" Bernard v. Roal, No. 09Civ.3740, 2010 WL 2308198, at *4 (S.D.N.Y. June 10, 2010) (quoting the Sept. 3, 2003 BOP memorandum). In fact, "[a]n RRC placement beyond 6 months will only be approved upon a showing of an inmate's extraordinary and compelling re-entry needs." Id. In reaching these conclusions, the opinions have reasoned that these policies reflect the broad discretion given to the BOP to implement the Act. See Ramos v.

9

Holt, 2010 WL 2471707, at *9. Therefore, these cases find nothing fundamentally objectionable about the policies "provided that each inmate receives the individualized consideration of this RRC placement called for by the Act."[2] Id. Finally, the limitation on access to the RRC "is rationally related to one of the statutory factors which govern prison placements; namely, the allocation of limited available prison resources." McDonald v. Obama, 2010 WL 1526443, at *8 (citing 18 U.S.C. § 3621(b)). Accordingly, the magistrate judge concluded that to the extent the petitioner rests his argument on BOP memoranda, the same fails to state a basis for a grant of habeas corpus.

The magistrate judge also considered the petitioner's argument that a financial conflict of interest exists within the BOP. In support of his argument, the petitioner cites to the testimony of Harley Lappin before the United States Sentencing Commission regional hearing in Austin, Texas on November 20, 2009. (Pet. Ex. X at 9-10). Mr. Lappin's statement discusses the costs of RRCs compared to federal prison camps, as well as the fact that RRC placements cannot be justified within the agency mission as cost efficient and necessary to address reentry needs. Id. The

---

[2]The magistrate judge cites two cases stating that an RRC placement of six months or less is contrary to the apparent purpose of the Second Chance Act. See Kreuger v. Martinez, 665 F. Supp. 2d 477, 482-83 (M.D. Pa. 2009); Strong v. Schultz, 599 F. Supp. 2d at 563. The magistrate judge further explains that the petitioner has failed to show that he is similarly situated with those inmates who have received the benefit of the Kreuger and Schultz decisions.

magistrate judge found that Mr. Lappin's statement does not reflect the type of financial conflict of interest which would prompt the courts to review agency decisions. The petitioner is unable to show any personal interest, financial or otherwise, that would raise constitutional concerns with his RRC placement.

Accordingly, the central issue becomes whether the petitioner was properly reviewed for RRC placement utilizing the required five statutory factors. BOP staff specifically noted: (1) that there are available community corrections in his release area; (2) the nature and circumstances of the petitioner's offense are eligible for RRC placement; (3) the history and characteristics of the petitioner; (4) the sentencing court did not make any statement in the judgment and commitment order regarding community corrections placement; and (5) there is no pertinent policy by the sentencing commission. Taking this information in account, the magistrate judge found that as required by the Second Chance Act, the petitioner's unit team made its review on an individual basis and considered the appropriate factors in recommending that he be placed in an RRC for a period of 30-60 days.

This Court has conducted a de novo review and concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to an RRC placement for a longer period than has already been granted. An inmate's placement in an RRC, which is limited to the lesser of ten percent

of his sentence or six months, is invalid only when the BOP fails to consider the § 3621(b) statutory factors. In this case, the BOP referral form demonstrates that the BOP utilized the § 3621(b) factors when determining the petitioner's length of RRC placement of between thirty and sixty days. Specifically, the form states:

> Five Factor Review: 1) There are [community corrections] in the release area; 2) He is eligible for [community correction] as there was no violence or other circumstances that would preclude placement; 3) [He] has a release residence, has a [high school] diploma and a master's degree, was previously employed; 4) No statements from court regarding [community corrections]; 5) No pertinent policy by the Sentencing Commission.

(Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J. Ex. 2 at Attach. F.) Moreover, the Referral Form for RRC Placement must be read in conjunction with the petitioner's Progress Reports and other documents relating to the petitioner which were sent to the Community Corrections Office for consideration in making its recommendation to a particular RRC placement. (Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J., Ex. 2 at Att. B-D). According to the petitioner's case manager, these Progress Reports "[relate] directly to Factor 3 of the 5 factor review, the history and characteristics of the prisoner." (Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J. and Resp. to Show Cause Order Ex. 1 at ¶ 7-10). The petitioner has failed to present any credible information showing that the statements of his case manager are inaccurate. Thus, this Court agrees with the magistrate judge's finding that the BOP has

12

met all of its requirements by considering the § 3621 factors in determining the petitioner's RRC placement period.

V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, affirmed and adopted in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss or for summary judgment is GRANTED, and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. In addition, it is hereby ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 25, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE